John L. WRIGHT, Plaintiff–Appellant,

v.

Joseph P. KINNEARY; James E. Walsh; Stephen W. Powell; Anthony Young, Defendants–Appellees.

No. 01–3883.

United States Court of Appeals, Sixth Circuit.

Aug. 23, 2002.

Before KEITH and DAUGHTREY, Circuit Judges; and CARR, District Judge.*

*ORDER*

This is an appeal from a district court judgment dismissing sua sponte a prisoner civil rights complaint filed under 42 U.S.C. §§ 1981, 1983 and 1985. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ohio inmate John L. Wright filed a civil rights complaint in 2001 against a United States District Judge and three Ohio appellate court judges in their individual capacities seeking five million dollars for their alleged role in illegally denying Wright's attempts to effect his release from prison. The district court sua sponte granted Wright's motion for pauper status, directed that the filing fee should be collected in full, and ordered the complaint dismissed pursuant to the provisions of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Wright raises one overarching issue for appellate review, namely, that the district court erred in concluding that Wright's complaint was subject to dismissal under 28 U.S.C. §§ 1915(e)(2)(B) or 1915A(b). Section 1915(e)(2)(B) directs the dismissal of in forma pauperis complaints at any time that the district court finds that the complaint is frivolous, malicious, or fails to state a claim for relief. Section 1915A(b) requires a district court to dismiss any civil action brought by a prisoner against any governmental agency or employee if the court finds that the complaint is frivolous, malicious, fails to state a claim for relief or represents an attempt to recover monetary damages from a defendant who is immune from such relief. This court reviews de novo a judgment dismissing a suit on the authority of § 1915(e)(2)(B)(i) or § 1915A(b). *Brown v. Bargery*, 207 F.3d 863, 866–67 (6th Cir.2000) (citing *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir.1997)). A de novo review of the record and law supports the judgment on review.

In 1967, John L. Wright was convicted in an Ohio state court of assault with intent to rape and three counts of kidnaping and was given a fifteen to ninety year sentence. On May 23, 2001, Wright filed a civil rights complaint against United States District Judge Joseph P. Kinneary and three judges of the Ohio Court of Appeals for the Twelfth District, James E. Walsh, Stephen W. Powell, and Anthony Young. Wright contended that each of the named judges acted separately and in concert to "correct my illegal sentence" by ignoring the law and facts favorable to Wright in his various challenges to his conviction, and that the state court judges have purposefully caused one of Wright's appellate filings to languish for a period of years. Wright requested pauper status and demanded five million dollars ($5,000,-000) in damages from these defendants. The district court granted Wright's request for pauper status, directed that the entire filing fee should be gradually withdrawn from Wright's prison account, and ordered the complaint dismissed on the

---

* The Honorable James G. Carr, United States District Judge for the Northern District of Ohio, sitting by designation.

authority of 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Judicial officers enjoy absolute immunity from liability for monetary damages for conduct within the scope of a court's jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 364, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Absolute judicial immunity is overcome only when a judge engages in nonjudicial actions or when the judge's actions, though judicial in nature, are taken in complete absence of all jurisdiction. *See Mireles v. Waco,* 502 U.S. 9, 11–12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). All of Wright's allegations are directed to decisions and acts committed by the named defendants as they sat as judges in matters properly before them. In addition, Wright has yet to show that his 1967 state court conviction was reversed on direct appeal or otherwise declared invalid by an appropriate tribunal. In the absence of such a showing, any complaint for damages that would necessarily call that conviction into question must be dismissed. *Heck v. Humphrey,* 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Finally, Wright's claims are subject to dismissal to the extent his complaint may be construed as a direct attack on the validity of his confinement. *Id.; Preiser v. Rodriguez,* 411 U.S. 475, 488–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973) (habeas corpus proceeding, not civil rights action, is appropriate remedy for a state prisoner to attack the validity of the fact or length of his sentence). The appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.